**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DONALD L. MOSS, | ) CASE NO. 1: 18 CV 1688 |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) |
| | ) <u>OPINION AND ORDER</u> |
| FORREST W. BURT, *et al.*, | ) |
| Defendants. | ) |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

### Introduction

*Pro se* Plaintiff Donald L. Moss has filed a fee-paid Complaint in this action pursuant to 42 U.S.C. § 1983 against nine Defendants, including six state-court Judges (Judges Forrest W. Burt, Terri L. Stupica, William A. Kobelak, Laura DiGiacomo, Carolyn J. Paschke, and Mark J. Bartolotta), his former divorce lawyer John S. Salem, a psychiatrist (Dr. James R. Rodio, M.D.) appointed to examine him in judicial proceedings, and Deputy Robin Taylor of the Geauga County Sheriff's Office. (Doc. No. 1.) His Complaint pertains to actions taken by

the Defendants in connection with his state-court divorce proceeding, as well as state-court incompetency and criminal proceedings against him.

Plaintiff became a defendant in a divorce proceeding in Geauga County in October 22, 2012, over which Judges Burt, Paschke and Kobelak presided at various times. *Moss v. Moss*, Case No. 12 DC 1052 (Geauga County Court of Common Pleas Domestic Relations Division). (*Id.* at ¶ 21.) On March 8, 2013, he was forcibly removed from his home in connection with a domestic relations matter, which he contends was "fraudulent." (*Id.* at ¶ 22.) Allegedly to rectify this, he file a motion in his divorce case "to correct clerical errors" and the record as to matters he felt were fraudulent. This motion was never addressed. (*Id.* at ¶ 23.)

On July 8, 2014, while his state divorce action was pending, he was charged with telephone harassment in Chardon Municipal Court. *State of Ohio v. Moss*, Case No. 2014 CRB 00627. Judge Stupica presided over this action and released Plaintiff on bond, apparently on the condition that he undergo a mental examination. (*Id.* at ¶ 24). Plaintiff alleges he underwent this examination by Defendant Rodio, attended by Defendant Taylor, and was adjudicated no viable threat. (*Id.* at ¶¶ 24-26.) However, in December 2014, he was sentenced by Judge Stupica for breaking the conditions of his bond. (*Id.* at ¶ 27.)

In March 2015, while Plaintiff was incarcerated in the Geauga County Jail, a Receiver was appointed by Judge Paschke in the divorce case to sell various properties Plaintiff owned. (*Id.* at ¶ 28.) Between October 2015 and March 2016, he was held in contempt twice by Judges Burt and Kobelak in the divorce case, apparently for opposing the sale of his properties by the Receiver. (*Id.* at ¶¶ 29-30.)

In June 2016, the Lake County Probate Court adjudicated him as incompetent based on allegedly false statements made by Defendants Rodio and Taylor. (*Id.* at ¶ 32.) In addition, he was also charged in Ashtabula Municipal Court in 2016 in two criminal cases (for operating a vehicle while impaired and for stalking). He was again referred for competency evaluation in connection with those cases, which were both dismissed after he was found not competent to stand trial. (*Id.* at ¶ 33.)

Nonetheless, the Plaintiff complains that:

> a mental health evaluation was placed into the divorce file . . . in [his] Geauga County [divorce case], the receiver in the domestic matter was appointed while [he] was incarcerated, the receiver allowed 2 of [his] properties to go into foreclosure while [he] was incarcerated, the receiver then allowed 4 additional houses [he] owned . . .sold without appraisals . . ., and [his ex-wife was awarded $106,000 by the receiver. . . .

(*Id.*)

Seeking monetary relief, he asserts One Count for relief in his Complaint: that "[t]he Defendants, by and through their agents, employees, and representatives, while acting under color of state law, deprived [him] of rights secured by the Constitution or the laws of the United States by [his] false arrest and incarceration . . . and the illegal taking of [his] properties to his severe economic damage." (*Id.* at ¶ 37.)

The Defendants have all filed Motions to Dismiss the Plaintiff's Complaint under Rule 12 of the Federal Rules of Civil Procedure (Doc. Nos. 7, 8, 12, and 14), to which the Plaintiff has filed responses.

For the reasons stated below, the Defendants' Motions to Dismiss are all granted and this action is dismissed.

**Standard of Review**

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief can be granted. To survive a dismissal under Rule 12(b)(6), a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). Although pleadings and documents filed by *pro se* litigants are generally "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

The standard for evaluating a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as the standard for evaluating a motion to dismiss under Rule 12(b)(6). *Cole v. EV Properties, L.P.*, No. 4: 12 CV 1923, 2013 WL 1633649 (N.D. Ohio Apr. 16, 2013).

**Analysis**

Upon review of the pending motions, the Court agrees with the Defendants that the Plaintiff has not alleged any plausible claim for relief against any of them under § 1983.

With respect to the state-court Judges named as defendants, all of the conduct of which the Plaintiff complains clearly pertains to actions the Judges took, or to rulings they made, in connection with the various state-court judicial proceedings involving the Plaintiff and described in his Complaint. It is well-established that judges and other judicial officers enjoy absolute immunity "from suits arising out of the performance of their judicial functions," even when a judge allegedly acts corruptly or with malice. *Leech v. DeWeese*, 689 F.3d 538, 543 (6th Cir. 2012). Absolute judicial immunity is overcome in only two situations; when a judge engages in "non-judicial actions or when the judge's actions, though judicial in nature, are taken in complete absence of all jurisdiction." *Wright v. Kinneary*, 46 F. App'x 250, 252 (6th Cir. 2002).

The Plaintiff's allegations do not reasonably suggest either of these exceptions applies to any of the state-court Judges, nor does his conclusory assertion in his opposition brief that the Judges lacked jurisdiction because "the entire judicial process was flouted by the Defendants when considering the totality of the circumstances . . . ." (Doc. No. 15 at 8.) As the Sixth Circuit has recognized, a judge is entitled to absolute judicial immunity even he makes "grave procedural errors" or engages in conduct exceeding his authority. *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001).

Accordingly, the Court finds that all of state-court Judges named as Defendants in this case are immune from the Plaintiff's suit and that the Complaint must be dismissed as against them.

The Court further finds that Defendants Rodio and Taylor are entitled to absolute immunity from the Plaintiff's suit. The Plaintiff alleges Defendants Rodio and Taylor

provided false testimony in connection with his state-court competency proceedings. As the Sixth Circuit has clearly recognized, however, "witnesses and other persons who are integral parts of the judicial process are entitled to absolute immunity." *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir.1984), citing *Briscoe v. LaHue*, 460 U.S. 325 (1983). Thus, in *Kurzawa,* the Sixth Circuit held that a number of state employees and a psychologist and psychiatrists whose findings were "used by the Department of Social Services and Michigan courts to determine the environment that best served the interests of [a] child" were entitled to absolute immunity in connection with a civil rights action brought by the parents of the child. *Kurzawa*, 732 F.2d at 1458.

Pursuant to *Kurzawa*, Defendants Rodio and Taylor are entitled to absolute immunity from the Plaintiff's civil rights suit here, as the Plaintiff's allegations against them pertain to their involvement and testimony in state-court competency proceedings for which they are immune from suit as witnesses and persons integral to the judicial process.

Finally, the Court finds that the Plaintiff's Complaint must be dismissed as against his former divorce lawyer, John Salem. In order to state a claim under § 1983, a plaintiff must demonstrate that a person acting under color of state law deprived him of a constitutional right. *See* 42 U.S.C. § 1983. It is well settled that a lawyer does not act under color of state law in performing a lawyer's traditional function as counsel to a party. *Polk County v. Dodson*, 454 U.S. 312, 315 (1981). The Plaintiff has not alleged facts in his Complaint or in his opposition brief reasonably suggesting that Defendant Salem acted under color of law such that he may subjected to liability for any alleged constitutional violation under § 1983.

**Conclusion**

Accordingly, for the reasons stated above, the Defendants' Motions to Dismiss the Plaintiff's Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure (Doc. Nos. 7, 8, 12, and 14) are all granted, and the Plaintiff's Complaint is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** December 10, 2018